WILLIAM B. MONTAGUE AND MAGGIE L. MONTAGUE, ALLEGED CUSTODIANS OF THE ESTATE OF WILLIAM E. MONTAGUE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32618. Promulgated June 19, 1931.

*Albert S. Lisenby, Esq.,* for the petitioners.
*Frank T. Horner, Esq.,* for the respondent.

OPINION.

MATTHEWS: William E. Montague died intestate on March 14, 1925. A return for Federal estate tax was filed by Maggie L. Montague, his widow, and William B. Montague, one of his sons, as custodians of his estate, which showed no tax due. The deficiency in estate tax which has been determined by the respondent is based upon the theory that the decedent was the beneficial owner of two parcels of real estate to which his wife held title and of certain household effects and antiques located in the home occupied by him and his wife, and also owned the 2,000 shares of stock of the Coral Manufacturing Company which stood in the name of his son. In the notice of deficiency addressed to the custodians of the estate of William E. Montague the following statement appears:

It appears that certain real estate, furniture and antiques were held in the name of decedent's wife and the stock in the name of his son under circumstances from which the Bureau finds that all of the above-described property belonged to the decedent at the date of his death and formed part of his taxable estate.

The history of the various transactions by which title to the property in question was taken in the names of members of decedent's family, his business dealings and impelling motives all indicate that the decedent intended to and in fact did, in each instance, place his property in trust for his own beneficial use. The Bureau finds, therefore, that all the items of property listed in the tentative letter formed, at his death, a part of this decedent's taxable estate.

At the hearing it was contended by counsel for the respondent that because of a large number of judgments which had been obtained against him the decedent had for a number of years so managed his affairs and his properties as to be beyond the reach of creditors, and it was claimed that although these properties were put in the names of his wife and his son the decedent was the equitable owner of the

real estate referred to above as well as the beneficial owner of the antiques and of the stock. These judgments were obtained from 1888 to 1894 and counsel for the respondent admitted that none was in force at the time of the decedent's death.

It was agreed by counsel for both parties that if the real estate referred to in the findings and the shares of stock of the Coral Manufacturing Company and the household effects and antiques in the house at 209 Franklin Avenue, Norristown, are not subject to Federal estate tax as a part of the decedent's estate, there is no Federal estate tax due in this particular case.

The respondent took the depositions of a number of witnesses, including the widow and the three sons of the decedent, in an effort to show that the properties involved herein were in fact held in trust for the beneficial use of the decedent. These depositions were the only testimony introduced on behalf of the respondent and, instead of supporting the respondent's theory of the case, they sustain the position of the petitioners. We are convinced that the real estate and the household furnishings, including the valuable collection of antiques, were owned by the wife, Maggie L. Montague. She acquired these properties prior to the enactment of any Federal estate tax laws and it is not contended that any transfer was made to her by the decedent in contemplation of death. We have found that the real estate was purchased and conveyed to her by her husband in repayment of a loan to him in the sum of $10,000 and that at a sale, which was held to pay the decedent's debts, a friend purchased the household effects and presented them to the wife. It was further testified that the decedent and his wife had collected antiques over a period of years, that she bought some of them herself and that some were purchased by her son. Of the son's purchases a few were gifts to his mother and some were paid for by her. The decedent bought most of the antiques and presented them to his wife. In addition to the positive testimony of the wife that the antiques belonged to her, several friends of the family who had visited in the decedent's home and who had known the Montague family intimately for a number of years, testified that the decedent always referred to the antiques as the property of his wife. It was also testified by antique dealers that the decedent had remarked on several occasions that he was making certain purchases to give to his wife. There was no evidence to indicate that the decedent ever claimed any interest in the antiques or the household furnishings. Insurance on the household furnishings and the antiques had been carried in the wife's name for more than twenty years prior to the decedent's death.

We have also found that the shares of stock of the Coral Manufacturing Company which stood in the name of the son, William

B. Montague, were the property of the son and were not held in trust for the decedent. It was developed that the decedent had been the general manager of the Coral Manufacturing Company for a number of years prior to his death and that his salary was $12,000 a year, but there was no evidence to show that he had ever owned any of the stock of the corporation or that there was any agreement under which the stock held by his son belonged to the decedent. The son had been connected with the Coral Manufacturing Company from the date of its organization and gradually took over the management of the company. The father remained as general manager until his death but the son was in active charge and had assumed many of the managerial functions of the business for many years prior to the death of his father.

In view of the foregoing it is held that there is no Federal estate tax due and there is, therefore, no deficiency in this case.

*Judgment will be entered for the petitioners.*